UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Gainesville Division

PERI FORMWORK SYSTEMS, INC.,
    Plaintiff,

Case No.:   1:23-cv-263

vs.

KAUFMAN LYNN CONSTRUCTION, INC.,
NGM INSURANCE COMPANY, and
HARTFORD FIRE INSURANCE COMPANY,
    Defendants.
_____/

## COMPLAINT

The Plaintiff, PERI Formwork Systems, Inc. ("**PERI**"), by and through its undersigned counsel, sues the Defendants, KAUFMAN LYNN CONSTRUCTION, INC. ("**KAUFMAN**"), NGM INSURANCE COMPANY ("**NGM**"), and HARTFORD FIRE INSURANCE COMPANY ("**HARTFORD**"), and alleges:

## INTRODUCTION

1. This case arises out of unpaid amounts due PERI for materials furnished to a construction project commonly referred to as "1200 & 5th Avenue Apartments" (the "**Project**") located in Gainesville, Florida.

2. As alleged *infra,* in accordance with Florida Lien Law, a bond was posted by the Project's general contractor, KAUFMAN, as well as its surety, HARTFORD, to transfer a mechanic's lien filed by PERI against the Project, and this action is to foreclose that bonded off lien and secure all just sums due to PERI for its materials used to improve the property.

3. This action further is in pursuit of the payment bond posted on the Project by KAUFMAN for the benefit of every person who has furnished labor or material to the contractor

or subcontractor on the Project, including PERI. Said payment bond was written by NGM, as the surety, with KAUFMAN, as the principal.

## JURISDICTIONAL STATEMENT

4. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between a citizen of this State and citizens or subjects of a foreign state.

5. Therefore, the subject matter jurisdiction of the Court is conferred by diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).

## PARTIES

6. PERI is a corporation duly organized and existing under the laws of the state of Maryland, with its principal office place of business located at 7135 Dorsey Run Road, Elkridge, Maryland 21075.

7. PERI was, at all times relevant hereto, engaged in the business of providing concrete formwork and scaffolding solutions and attendant equipment and materials to the construction industry. PERI is duly registered and in good standing to do business in the state of Florida.

8. KAUFMAN is a corporation duly organized and existing under the laws of the state of Florida, with its principal place of business and offices located at 3185 South Congress Ave. Delray Beach, Florida 33445. Upon information and belief, KAUFMAN is in good standing to do business in the state of Florida.

9. NGM is a corporation duly organized and existing under the laws of the state of Florida, with its principal place of business located at 4601 Touchton Road East, Suite 3400, Jacksonville, Florida 32246. Upon information and belief, NGM is in good standing to do business in the state of Florida.

10. HARTFORD is a corporation organized and existing under the laws of Connecticut, with its principal office located at One Hartford Plaza, Hartford, Connecticut 06155.

11. HARTFORD has designated the Chief Financial Officer of Florida as its registered agent for service of process in this State as an insurer with authority to contract to insure a person, property or risk located in Florida and has otherwise submitted to the jurisdiction of the courts of this State, and this Court has personal jurisdiction over HARTFORD.

12. Venue in the Gainesville Division of the United States District Court for the Northern District of Florida is appropriate because that is where the subject Property is located and is where PERI's causes of action accrued.

## FACTUAL ALLEGATIONS

### *The Project*

13. Upon information and belief, KAUFMAN was acting as the general contractor for certain improvements on the Project pursuant to an agreement with the Project Owner, namely, 12th and 5th LLC – which is neither in privity with PERI nor a principal on the Lien Bond (described *infra*), so is not a proper party to this action in accordance with Florida Lien Law.

14. The Project involves certain Owner improvements to land located at 1200 SW 5th Street, Gainesville, FL 32601 (the "**Property**"), more particularly described as "PARCEL ID 13131-000-000 UNIVERSITY HGTS A-99 MB 104-10 LOTS 8 10 12 14 16 18 17 19 20 21 22 23 24 BL 9 OR 4864/1604 & OR 4864/1611 & OR 4864/1613 & OR 4864/1615 & OR 4864/1617" and by a legal description stated in a lien described *infra*.

15. Upon information and belief, Matcon Construction Services, Inc. ("**Matcon**"), which is not a party to this action, entered into a contract with KAUFMAN to perform certain concrete work on the Project.

16. On June 28, 2021, Matcon entered into a subcontract with PERI pursuant to which PERI was to provide concrete formwork and related materials (together, "**Materials**"), most of which were leased for a monthly fee, to the Project for Matcon's use in forming and shoring concrete and providing platform access. A true and correct copy of the "**PERI Contract**" is attached hereto as **Exhibit A**.

### *PERI Materials, Unpaid Balance*

17. Pursuant to the PERI Contract, invoices for the Materials are "based upon actual materials shipped to site and actual rental durations." (Ex. A, p. 25, ¶ B).

18. The rental start date for the Materials commenced upon arrival to the site and ceased upon return shipment from the site. (Id., p. 25, ¶¶ E, F).

19. The Contract further governed the cost of freight, as well as other charges, including purchases of materials for the Project. (Id., p. 20, ¶ 5).

20. PERI duly performed all obligations under the PERI Contract and all conditions precedent to payment had occurred or were waived.

21. Matcon had a duty under the PERI Contract to notify PERI of any non-conforming Materials or services or else any and all such claims were waived. (Id., pp. 30-31, ¶¶ 7, 13).

22. Matcon failed to send any written notice regarding any non-conforming Materials or services, and, as such, it was conclusively presumed that PERI complied with the PERI Contract regarding the same and Matcon waived any claims regarding any non-conformities. (Id.).

23. Matcon incorporated and consumed many of the Materials into the Project and was charged for normal and expected waste of the Materials, thereby converting many of the rentals into purchases, the costs of which were invoiced.

24. On or about January 24, 2022, Matcon further executed a Change Order Agreement for the delivery of additional rental materials, a true and correct copy of which is attached hereto as **Exhibit B**.

25. PERI duly invoiced Matcon for the Materials (including attendant services) provided to the Project. Matcon paid and did not dispute invoices totaling Eight Hundred Fifty-Three Thousand Eight Hundred Nine and 33/100 Dollars ($853,809.33).

26. Matcon, however, failed to pay subsequent invoices, leaving a principal balance of Two Hundred Thirty-Four Thousand Fifty-Seven and 23/100 Dollars ($234,057.23). A true and correct copy of an account statement, along with copies of the outstanding invoices annexed thereto, is attached hereto as **Exhibit C.**

27. PERI last supplied Materials on December 14, 2022.

### *PERI Mechanic's Lien; Lien Discharge Bond*

28. On July 23, 2021, PERI duly served a Notice to Owner to the Project Owner, KAUFMAN, and Matcon pursuant to Fla. Stat. § 713.06. A copy of the Notice to Owner is attached hereto as **Exhibit D**.

29. The Notice to Owner was served in accordance with the information provided in the Notice of Commencement recorded in the official records of the Clerk of the Court for Alachua County at Book 4883, page 1 (Instrument No. 3332902). A true and correct copy of the Notice of Commencement is attached hereto as **Exhibit E.**

30. On February 10, 2023, PERI served the Project Owner, KAUFMAN, and Matcon with notice of its Claim of Lien, which was duly recorded in the Official Records of the Clerk of the Court for Alachua County at Book 5071, page 1066 (Instrument No. 3473725) on February 17, 2023. A true and correct copy of the Claim of Lien is attached hereto as **Exhibit F.**

31. The notice of Claim of Lien, in respect to form, contents, filing, and entering, complied in all respects with the notice requirements and time limitations set forth in Fla. Stat. Ch. 713.

32. At the time of recording the Claim of Lien, the construction of the improvements had not been completed and the Project Owner had not made final payment to KAUFMAN.

33. Consequently, PERI acquired a good, valid, and subsisting lien on the Property in the amount of Two Hundred Thirty-Four Thousand Fifty-Seven and 23/100 Dollars ($234,057.23), together with interest, costs, and disbursements.

34. PERI's Claim of Lien has not been satisfied, paid, waived, cancelled, or discharged, and no action other than the present action or proceeding, either at law or in equity, has ever been brought to foreclose PERI's Claim of Lien or to recover any part thereof of PERI's behalf.

35. KAUFMAN, as principal, and HARTFORD, as surety, executed and delivered to Alachua County Clerk of Court, Florida, a surety bond (the "**Lien Bond**") to substitute as security for PERI's Claim of Lien. A true and correct copy of the Lien Bond is attached hereto as **Exhibit G.**

36. On or about March 1, 2023, the Clerk of the Circuit Court of Alachua County issued a Transfer of Lien to Security substituting the above-mentioned Lien Bond for PERI's Claim of Lien. A true and correct copy of the Certificate of Transfer of Lien to Security is attached hereto as **Exhibit H**.

### *Matcon Payment Bond*

37. In addition, Matcon duly provided a payment bond written by NGM, as surety, for the benefit of anyone supplying labor, services, materials or equipment for use or reasonably

required for use in connection with Matcon's subcontract with KAUFMAN ("**Payment Bond**"). A true and correct copy of the Payment Bond is attached there as **Exhibit I.**

38. PERI is an intended beneficiary of the Payment Bond and a claimant as defined therein. Pursuant to the Payment Bond, NGM is liable to pay all amounts due to PERI under the PERI Contract.

39. On or about January 30, 2023, PERI served Maton and NGM with its notice of nonpayment pursuant to Fla. Stat. Ch. 713 and the terms of the Payment Bond.

40. Despite demand for payment under the Payment Bond, PERI has not been paid the amount due, and NGM has, without a basis in law or fact, summarily denied payment under the Payment Bond.

41. To this date, PERI has not been paid the $234,057.23 to which it is entitled under the PERI Contract and the Payment Bond.

## CAUSES OF ACTION

### COUNT I – FORECLOSURE OF LIEN, AGAINST LIEN BOND (KAUFMAN AND HARTFORD)

42. PERI realleges and incorporates paragraphs 1 through 41, *supra*.

43. This action is instituted in accordance with the notice requirements and time limitations set forth in Fla. Stat. Ch. 713.

44. All conditions precedent to this action have occurred, been met, or were waived.

45. This action is to foreclose PERI's Claim of Lien pursuant to Fla. Stat. § 713.24 as against the Lien Bond for the amount of Two Hundred Thirty-Four Thousand Fifty-Seven and 23/100 Dollars ($234,057.23), together with interest, costs, disbursements, reasonable attorneys' fees, as well as any other and further relief that the nature of this cause requires.

46.     PERI has been required to retain the undersigned counsel to prosecute this action, and PERI is obligated to pay the undersigned counsel court costs and a reasonable attorney's fee, for which KAUFMAN and HARTFORD are liable pursuant to the terms of the Lien Bond and Fla. Stat. § 713.29.

47.     By reason of the foregoing, PERI has been damaged and demands judgment against KAUFMAN and HARTFORD for damages in the amount of Two Hundred Thirty-Four Thousand Fifty-Seven and 23/100 Dollars ($234,057.23), together with pre- and post-judgment interest, costs, disbursements, reasonable attorneys' fees, as well as any other and further relief that the nature of this cause requires.

**WHEREFORE**, the Plaintiff, PERI FORMWORK SYSTEMS, INC.. demands judgment against the Defendants, KAUFMAN LYNN CONSTRUCTION, INC., and HARTFORD FIRE INSURANCE COMPANY:

a.     For the amount due upon PERI's Claim of Lien for principal, pre- and post-judgment interest, disbursements, costs, and reasonable attorneys' fees;

b.     That PERI be determined and adjudged to have a valid and subsisting lien upon the Lien Bond for the amount adjudged to be due;

c.     That PERI be paid therefrom and that KAUFMAN and HARTFORD be adjudged jointly and severally liable, for the amount adjudged to be due; and

d.     For such other and further relief as to this Court may seem just and proper, including the costs and disbursements of this action, as well as reasonable attorney's fees incurred pursuing this relief.

### COUNT II – PAYMENT BOND CLAIM (NGM)

48.     PERI realleges and incorporates paragraphs 1 through 41, *supra*.

49. This action is instituted in accordance with the notice requirements and time limitations set forth in Fla. Stat. Ch. 713 and as stated in the Payment Bond.

50. All conditions precedent to this action have occurred, been met, or were waived.

51. This action is to foreclose PERI's claim for nonpayment as against the Payment Bond for the amount of Two Hundred Thirty-Four Thousand Fifty-Seven and 23/100 Dollars ($234,057.23), together with interest, costs, disbursements, reasonable attorneys' fees, as well as any other and further relief that the nature of this cause requires.

52. PERI has been required to retain the undersigned counsel to prosecute this action, and PERI is obligated to pay the undersigned counsel court costs and a reasonable attorney's fee, for which NGM is liable pursuant to the terms of the Payment Bond.

53. By reason of the foregoing, PERI has been damaged and demands judgment against NGM in the of Two Hundred Thirty-Four Thousand Fifty-Seven and 23/100 Dollars ($234,057.23), together with indirect damages arising from Matcon's default, pre- and post-judgment interest, costs incurred before suit was filed, after suit was filed, on any appeal, and in any bankruptcy proceeding, disbursements, reasonable attorneys' fees and assistants' fees, as well as any other and further relief that the nature of this cause requires.

**WHEREFORE**, the Plaintiff, PERI FORMWORK SYSTEMS, INC., demands judgment against the Defendant, NGM INSURANCE COMPANY:

a. For the amount due upon PERI's claim for principal together with indirect damages arising from Matcon's default, pre- and post-judgment interest, costs incurred before suit was filed, after suit was filed, on any appeal, and in any bankruptcy proceeding, disbursements, reasonable attorneys' fees and assistants' fees;

  b. That PERI be determined and adjudged to have a valid and subsisting claim against the Payment Bond for the amount adjudged to be due;

  c. That PERI be paid therefrom and that NGM be adjudged liable, for the amount adjudged to be due; and

  d. For such other and further relief as to this Court may seem just and proper, including the costs and disbursements of this action, as well as reasonable attorney's fees incurred pursuing this relief.

  Respectfully submitted on October 27, 2023.

                **Warner, Sechrest & Butts, P.A.**

                */s/ Sean G. Hipworth*
                **Sean G. Hipworth, Esq.**
                Florida Bar No.: 121246
                5200 S.W. 91st Terrace, Suite 101
                Gainesville, FL 32608
                T: (352) 373-5922
                F: (352) 373-5921
                Counsel for the Plaintiff, PERI FORMWORK SYSTEMS, INC.
                **Designated Email Address**
                shipworth@fbswlaw.com
                lisa@fbswlaw.com